The opinion of the Court was delivered by
Wardlaw, J.
Unless it can be made to appear that the *400 plaintiffs are entitled to recover the land, which is in the possession of the defendants, the defendants must be permitted to retain the advantage of the order which directed the postea to be delivered to them.
The deed mentioned in the special verdict is a very extraordinary one: its like will not probably be presented for consideration, again. Looking to the unskillfulness with which the instrument was drawn, the date, — soon after the rights of primogeniture were abolished in this State, and the intention which various circumstances aliunde incline me to attribute to Peter Stockman, I might assent to the plaintiffs’ position, that the deed was meant to convey a life estate to Mary Dickert and her husband, during their joint lives and the life of the survivor, with remainder in fee to her two firstborn sons^or in default of two sons, to her two first-born children. But I am not permitted to gather the intention of any writing aliunde, and to a deed I cannot render that assistance which common law and our statutes afford to a will. Guided by technical rules, T can take no view which would be favorable to the plaintiffs.
Suppose that finding a life estate in the ancestor with a subsequent limitation to heirs of that ancestor, I should, under the rule in Shelly's case, say that here is a fee conditional in Mary .Deckert, to her and some heirs of her body. The limitation is to the two eldest male heirs. Conceding that eldest means first-lorn, and that the specification of two was confined to the first generation and would not attend the descent of the lands to the heirs of the body, I would still be constrained to say, that the limitation was to heirs male only, and that the descent must be only to males through males, as in a fee-tail male. These plaintiffs could not then recovery for they are male and female, all the heirs of Jacob Dickert and John C. Dickert, both deceased; and it is ground of nonsuit that persons not having right are joined as plaintiffs with those that have right.
*401 But I think that the two eldest male heirs born of her body, was designado personarum, signifying the same as two eldest sons. If the limitation was then, after the life estate, to the eldest sons, the sons would have taken as purchasers, and if words of inheritance had been superadded, would have taken in fee.
But under the supposition that “ male heirs” meant sons, no words of inheritance remain to extend the estate given to them beyond a life estate. Successive life estates would thus be found, the reversion abiding in the grantor, Peter Stock-man, or his heirs. Even if the two first-born sons had vested remainders for life, they are dead, and with each of them ended his estate under the deed. Thus the plaintiffs could take no advantage from establishment of their position, that the two first-born sons of Mary were the persons upon whom the estate was intended to “ devolve” after “ the decease of both father and mother.”
What is the true construction of the deed — whether the defendants have any, and if any what interest in the land, ■ — what right the heirs of Peter Stockman have, and if they have any, when it may be enjoyed — are questions which we are not required to discuss now, and which we do not design to decide. It is enough to see, as to the Court appears plain, that the present plaintiffs cannot recover the land.
Motion dismissed.
Withers, Whither, Glover, and Muhro, JJ., concurred.
O’Neall, J.
I think the two eldest male heirs, Jacob and John C. were tenants in fee conditional, and that on their death, their sons take by descent, per formam doni.

Motion dismissed.